FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAMONE L. HICKS,<br><br>    Petitioner,<br><br>    v.<br><br>A. HEDGPETH,<br><br>    Respondent. | Case No. CV 12-03451 DDP (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Damone L. Hicks ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises six claims directed at Petitioner's May 27, 2008 conviction in the California Superior Court for Los Angeles County (case no. BA331615) of murder, attempted murder, being a felon in possession of a firearm, as well as gang, firearm, and prior conviction enhancements, for which he was sentenced to 192 years to life in state prison. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

**A.  Standard of Review**

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, --- S. Ct. ----, No. 10-9995, 2012 WL 1392558, at *6-7 (U.S. Apr. 24, 2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority -- though not the obligation -- to raise a forfeited timeliness defense on their own initiative.").

**B.  Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on May 27, 2008, and was sentenced on July 16, 2008. On February 18, 2010, the California Court of Appeal affirmed the judgment of conviction (case no. B209590). The California Supreme Court then denied review of the court of appeal's decision on June 9, 2010 (case no. S181398). (Pet. at 2-3; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court.

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on September 7, 2010, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, September 8, 2010, and ended a year later on September 7, 2011. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until April 13, 2012 -- 219 days (more than seven months) after the expiration of the limitations period.[2] Accordingly, absent

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). The envelope containing the Petition reflects a postmark date of April 13, 2012, (continued...)

some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

### C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v.*

---

[2/] (...continued)
and indicates it was received by the clerk's office on April 16, 2012. For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on April 13, 2012.

*Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed one state habeas petition in the California Supreme Court, and Petitioner asserts that Petition was constructively filed on September 22, 2011, and denied on February 22, 2012 (case no. S196703).[3/] (Pet. at 3-4; state court records.) Because Petitioner's sole state habeas petition was filed after AEDPA's limitations period expired on September 7, 2011, Petitioner is not entitled to statutory tolling for the pendency of that petition. *Ferguson*, 321 F.3d at 823.

Petitioner also filed a prior federal habeas action, which has no bearing on the Court's timeliness analysis.[4/] By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety and is no longer pending (*see* CV 11-7369 DDP (AN)), dkt. 16&17). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back.").

The face of the Petition and state court records establish Petitioner is not entitled to statutory tolling.

---

[3/] The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4/] A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Page 5

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts that show Petitioner is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts that show Petitioner is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). The Petition does not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

### E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger

1  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."
2  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292
3  F.3d 1063, 1066 (9th Cir. 2002)).

4  "[A] litigant seeking equitable tolling bears the burden of establishing two
5  elements: (1) that he has been pursuing his rights diligently, and (2) that some
6  extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,
7  418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079
8  (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in
9  reasonably diligent efforts to file his § 2254 petition throughout the time the
10 limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir.
11 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling
12 requires a showing that "the party seeking equitable tolling must have acted with
13 reasonable diligence throughout the period he seeks to toll" and "extraordinary
14 circumstances prevented him from filing his petition on time"). The petitioner must
15 also demonstrate he exercised reasonable diligence in attempting to file his habeas
16 petition after the extraordinary circumstances began otherwise the "link of causation
17 between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*,
18 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner
19 to "additionally show that the extraordinary circumstances were the cause of his
20 untimeliness, and that the extraordinary circumstances made it impossible to file a
21 petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal
22 quotations and citations omitted). Further, equitable tolling determinations are "highly
23 fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of
24 showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432
25 F.3d 1021, 1026 (9th Cir. 2005).

26 The face of the Petition does not establish Petitioner is entitled to equitable
27 tolling in this case.
28 ///

# ORDER

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **May 21, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming the Court's foregoing analysis is incorrect, or AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: May 2, 2012

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE